■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER EZELL, Appellant. [38 NYS3d 891]—

Judgment, Supreme Court, Bronx County (Margaret L. Clancy, J.), rendered March 28, 2014, convicting defendant, after a nonjury trial, of murder in the second degree, and sentencing him to a term of 22 years to life, unanimously affirmed.

The court's determination that defendant failed to establish the affirmative defense of extreme emotional disturbance by a preponderance of the evidence was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's evaluation of conflicting expert testimony concerning defendant's mental state.

Under the circumstances of the case, defendant's rights under *People v Rosario* (9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]) did not require the prosecutor to turn over to the defense, in their entirety, direct examination outlines regarding two witnesses, which were prepared, at least in part, during the prosecutor's interviews of those two witnesses. The court's remedy—reviewing the material in camera, identifying the questions that might have incorporated aspects of the witnesses' interview answers, ordering disclosure of those portions of the outline, and according the defense the opportunity to recall those witnesses—was adequate. To the extent that any of the questions in the outline that were not disclosed may have contained traces of information obtained during the witness interviews, defendant has failed to show that he was prejudiced in any manner by the omission (*see People v Martinez*, 22 NY3d 551, 567-568 [2014]).

We perceive no basis for reducing the sentence. Concur—Friedman, J.P., Andrias, Saxe, Feinman and Kahn, JJ.